UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

SYMONOUS-GRETA HARRIS, *Ex Relatione* and
Authorized Representative for Symonous Harris, et
al.,

                Plaintiff,

v.

BNC MORTGAGE, INC., WELLS FARGO
BANK, N.A, LEHMAN BROTHERS HOLDING
INC., U.S. BANK NATIONAL ASSOCIATION,
AURORA LOAN SERVICES, LLC, DEUTSCHE
BANK NATIONAL TRUST COMPANY,
STRUCTURED ASSET SECURITIES
CORPORATION ET AL., STRUCTURED ASSET
INVESTMENT LOAN TRUST and ALL OTHER
PARTIES OF INTEREST 1–50 JOHN and JANE
DOES,

                Defendants.

**MEMORANDUM & ORDER**
16-CV-2126 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Symonous-Greta Harris, proceeding *pro se*, commenced the above-captioned action on April 29, 2016, as *ex relatione* and authorized representative for Symonous Harris *et al.*, against Defendants BNC Mortgage, Inc., Wells Fargo Bank, N.A., Lehman Brothers Holding, Inc., U.S. Bank National Association ("U.S. Bank"), Aurora Loan Services LLC, Deutsche Bank National Trust Company, Structured Asset Securities Corporation *et al.*, Structured Asset Investment Loan Trust and all other parties of interest identified as 1–50 John and Jane Does. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants violated various state and federal laws by initiating and pursuing a foreclosure action against Plaintiff's property after Plaintiff defaulted on her mortgage debt. (*Id.* at 1–32.) Plaintiff seeks damages as well as

injunctive and declaratory relief. (*Id.* at 32.) Defendants BNC Mortgage, Inc., Aurora Loan Services, LLC, Lehman Brothers Holding Inc. and Structured Asset Securities Corporation et al., (the "BNC Defendants") move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (BNC Defs. Mot. to Dismiss ("BNC Mot."), Docket Entry No. 16.) Defendants Wells Fargo Bank, N.A., U.S. Bank and Structured Asset Investment Loan Trust (the "Wells Fargo Defendants"), also move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Wells Fargo Defs. Mot. to Dismiss ("Wells Fargo Mot."), Docket Entry No. 17.) Plaintiff has not opposed the motions.[1] As further explained below, the Court dismisses the Complaint based on claim preclusion.

**I. Background**

On June 23, 2006, Plaintiff executed a note with BNC Mortgage, Inc. (the "Note"), pertaining to property located at 18 Raleigh Place in Brooklyn, New York (the "Property"). (Compl., 1–2; Note, annexed to Pl. State Ct. Opp'ns to State Ct. Default J. Mot. ("Pl. State Ct.

---

[1] Although Plaintiff did not oppose Defendants' motions to dismiss, the Court addresses the merits of the motions because Plaintiff is proceeding *pro se*, *see Spiegelman v. Reprise Records*, 101 F.3d 685, 1996 WL 280504, at *1 (2d Cir. May 23, 1996) (noting that "*pro se* litigants in federal court should be granted greater leniency and patience than persons who are represented by counsel"), and because a plaintiff's failure to respond to a Rule 12 motion does not mean the motion should be granted, *see Rush v. Canfield*, 649 F. App'x 70, 71 (2d Cir. 2016).

Opp'ns") as Ex. 1, Docket Entry No. 17-8.)[2]  In August of 2009, Defendant U.S. Bank, commenced a foreclosure action against Plaintiff in New York Supreme Court, Kings County, (the "State Court"), alleging that Plaintiff defaulted on the Note.  (State Ct. Foreclosure Compl. ("State Ct. Compl."), Docket Entry No. 17-4.)  In January of 2014, U.S. Bank moved for a default judgment.  (Pl. State Ct. Opp'ns 4.)[3]  Plaintiff, through counsel, opposed the motion, arguing that U.S. Bank fraudulently obtained the Note and failed to submit evidence regarding how it came into legal possession of the Note.  (*Id.* at 14–21.)  The State Court denied U.S. Bank's motion for default judgment.  (*Id.* at 4.)

In October of 2015, U.S. Bank again moved for a default judgment, this time attaching affidavits evidencing its valid legal possession of the Note.  (State Ct. Default J. Mot. ("State Ct. Default Mot."), Docket Entry No. 17-7.)  In December of 2015, Plaintiff opposed the motion through counsel, arguing that U.S. Bank failed to show how it came into possession of the Note and also arguing that U.S. Bank's supporting affidavits were fraudulent or otherwise unreliable.

---

[2]  A court may take judicial notice of state court decisions in considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 167 (2d Cir. 2012) ("We may 'take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.'" (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)); *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (noting that, in deciding a motion to dismiss for failure to state a claim, the court "may also look to public records, including complaints filed in state court"); *see also MacKinnon v. City of New York / Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (affirming a district court's decision to dismiss a complaint based on preclusion where the district court relied on documents form a state court action); *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 509 (S.D.N.Y. 2016) (dismissing a federal complaint on a motion to dismiss finding preclusion based on a state court judgment); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010) (same).

[3]  Because Plaintiff's State Court Oppositions were submitted as one consolidated exhibit, the Court refers to the Electronic Document Filing System ("ECF") pagination.

3

(Pl. State Ct. Opp'ns 2–13.) The State Court granted U.S. Bank's motion for a default judgement, finding that U.S. Bank "submitted proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the Harris default in appearing or answering." (State Ct. Default J. Order, Docket Entry No. 17-10.) The State Court explained that "[i]n opposition, . . . Harris failed to relieve the default . . . by failing to provide a reasonable excuse for the default and a meritorious defense." (*Id.*) The State Court entered its order on March 10, 2016, together with an Order of Reference that appointed a referee to determine the total amount due to U.S. Bank under the Note. (State Ct. Order of Reference, Docket Entry No. 17-11.) Subsequent to the filing of this action and the Defendants' motions, the State Court entered final judgment on January 19, 2017.[4]

---

[4] *See U.S. Bank National Association v. Harris, Symonous*, Index No. 020269/2009, Mot. No. 004, New York State Unified Court System, WebCivil Supreme – Motion Detail, https://iapps.courts.state.ny.us/webcivil/FCASCaseInfo?parm=Motion&index=ajuDsOfiCUjN6l3qiYYTCg%3D%3D&county=8QjsRGAw9wQdO_PLUS_hBnxivuw%3D%3D (last visited Mar. 28, 2017). Plaintiff has not indicated and the Court was not able to locate any information in the public databases indicating that Plaintiff appealed the State Court's final judgment, and the time for filing any appeal of that judgment under New York Civil Practice Law and Rules section 5513 has lapsed. N.Y. C.P.L.R. § 5513 (McKinney 2016); *see Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 756 F.3d 204, 211 (2d Cir. 2014) (noting that the time to appeal under section 5513 is thirty days from the date of the service of the judgment).

Because the state court proceeding is now final, Defendants' requests that the Court abstain from exercising jurisdiction over this case based on the then-pending State Court action is denied as moot. *See Dorsett-Felicelli, Inc. v. Cty. of Clinton*, 305 F. App'x 685, 686–87 (2d Cir. 2008) ("Because [p]laintiffs' state proceeding . . . terminated" before the federal action concluded, "their [] suit is governed by the law of preclusion, not abstention." (citation omitted)); *Burnett v. Physician's Online Inc.*, 99 F.3d 72, 77 (2d Cir. 1996) (holding that an entry of judgement in a state court action that was pending when the federal action commenced "marks the end point for [] abstention."); *Gov't Emps. Ins. Co. v. Saco*, No. 15-CV-634, 2015 WL 4656512, at *6 (E.D.N.Y. Aug. 5, 2015) (declining to abstain because final judgement was entered in an underlying and related state court action that had been pending when the plaintiff initiated the federal action).

In addition, although the BNC Defendants argue that the *Rooker-Feldman* doctrine, which prohibits federal review of state court decisions, deprives the Court of jurisdiction over this action, the Court finds this doctrine inapplicable because Plaintiff commenced the instant

Plaintiff alleges that she is bringing this action "because [in] the State of New York, Supreme Court, [Defendants] filed foreclosure proceedings in 2009," during which Defendants obtained a foreclosure judgment against the Property even though they did not hold a legally valid note on the Property. (Compl. 7–28.) Plaintiff asks that the Court grant her quiet title to the Property and order Defendants to "refund all monies [Plaintiff] paid" pursuant to the Note. (*Id.* at 28–29, 32.)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Concord Assoc's, L.P. v. Entm't Prop. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting

---

action on April 29, 2016, (Compl. 1), several months before the State Court entered final judgment on January 19, 2017. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (holding that application of the *Rooker-Feldman* doctrine requires, *inter alia*, that "the state judgement was rendered before the district court proceedings commenced"); *Buoni v. Citibank N.A.*, No. 15-CV-1156, 2016 WL 6106465, at *2 (N.D.N.Y. Oct. 19, 2016) (finding that when "a defendant in foreclosure action defaults, but commences a federal action before final judgment is entered[,] . . . the *Rooker-Feldman* doctrine does not apply because final judgment was not entered in state court before the commencement of [the federal] action").

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)); *see Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to make the strongest arguments they suggest"); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

b. **Claim Preclusion**

Defendants argue that Plaintiff's claims are precluded because Plaintiff litigated — or could have litigated — the claims in the State Court foreclosure action. (BNC Defs. Mem. in Supp. of BNC Mot. 6–8, Docket Entry No. 16-5; Wells Fargo Defs. Mem. in Supp. of Wells Fargo Mot. 12–17, Docket Entry No. 17-1.) The Court agrees.

"The federal courts generally have . . . consistently accorded preclusive effect to issues decided by state courts." *Allen v. McCurry*, 449 U.S. 90, 95 (1980). State court judgments may preclude a federal action under two related but distinct doctrines. *Proctor v. LeClaire*, 715 F.3d 401, 411 (2d Cir. 2013). "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in th[e] [previous] action . . . ." *Id.* (alteration and internal quotation marks omitted) (quoting *SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1463 (2d

Cir. 1996). "Issue preclusion, or collateral estoppel, [] applies not to claims or to causes of action as a whole but to issues." *Id.* at 414 (citing *Kulak v. City of New York*, 88 F.3d 63, 72 (2d Cir. 1996). A court can take judicial notice of state court decisions on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 167 (2d Cir. 2012) ("We may 'take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.'" (alteration in original) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)); *see also Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 F. App'x 20, 22 (2d Cir. 2016) (affirming a district court's decision granting a defendant's motion to dismiss where the district court found that Plaintiff's action was precluded by a prior state court foreclosure action); *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 509 (S.D.N.Y. 2016) (dismissing federal complaint on a motion to dismiss where preclusion was found based on a state court judgment of foreclosure and sale); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010) (same).

"Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the [s]tate from which the judgments emerged would do so. . . ." *Allen*, 449 U.S. at 96; *see also Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 191 (2d Cir. 2012) ("[I]n order to determine the preclusive effect of a state-court decision, a federal court must look to the law of that state and should not give the state-court decision any greater preclusive effect than the courts of that state would give it . . . ."). Thus, the Court must

apply New York law to determine whether Plaintiff's claims are barred by the doctrine of claim preclusion.[5]

A defendant moving to dismiss an action on the basis of claim preclusion must show "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (citation and alterations omitted); *see also Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) ("Under both New York law and federal law, the doctrine of . . . claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" (citation and alteration omitted)).

Here, the elements of claim preclusion are satisfied. First, the State Court entered a judgement of foreclosure and sale on the Property against Plaintiff, which is an adjudication on the merits. (State Ct. Default J. Order; State Ct. Order of Reference); *see Norex Petrol. Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 160 (2d Cir. 2005) ("The law is well established that a default judgment is deemed a[] conclusive adjudication on the merits . . . ."); *Dudla v. P.M. Veglio LLC*, No. 13-CV-0333, 2016 WL 1068120, at *13 (N.D.N.Y. Mar. 15, 2016) ("Under the doctrine of

---

[5] Because the State Court entered a default judgment against Plaintiff in the foreclosure action, (*see* State Ct. Default J. Order), Defendants' issue preclusion argument fails because Plaintiff's claims were "not actually litigated" and therefore cannot be issue precluded. *See Glob. Gold Mining, LLC v. Ayvazian*, 612 F. App'x 11, 15 (2d Cir. 2015) (holding that a defendant's "argument that [a] [d]efault [j]udgment had preclusive effect [was] meritless[,] because [i]ssue preclusion applies only where the issue was 'actually litigated' in the prior proceedings") (quoting *Wyly v. Weiss*, 97 F.3d 131, 141 (2d Cir. 2012)); *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, 263 F.3d 196, 202 n.7 (2d Cir. 2001) (holding that a claim may not be issue precluded because the doctrine of issue preclusion "forecloses only those issues that have been actually litigated and determined in a prior action, and an issue is not actually litigated if there has been a default" (citation omitted)).

8

claim preclusion, . . . [a] default judgment functions as a final judgment on the merits." (citing *Saud v. Bank of N.Y.*, 929 F.2d 916, 919 (2d Cir. 1991)). In addition, at least two unpublished opinions from the Second Circuit have held that a judgment of foreclosure and sale in a state court action constitutes an adjudication on the merits for the purposes of claim preclusion. *See, e.g.*, *Worthy-Pugh*, 664 F. App'x at 22; *De Masi v. Country Wide Home Loans*, 481 F. App'x 644, 645 (2d Cir. 2012) (affirming a district court's dismissal of an action on claim preclusion grounds where plaintiff's action was related to a prior state court foreclosure action because "[u]nder New York law, a final judgement of the merits of an action precludes . . . all other claims arising out of the same transaction or series of transactions" (citation omitted)); *see also Fequiere v. Tribeca Lending*, No. 14-CV-812, 2016 WL 1057000, at *5 (E.D.N.Y. Mar. 11, 2016) (same); *Graham*, 156 F. Supp. 3d at 509 (same).

Second, this action involves parties who were either parties in the State Court action or were privies to those parties. The named parties in the State Court action were Defendants U.S. Bank, the Structured Asset Investment Loan Trust and Plaintiff, all of whom are named parties in this action. (Compl. 1, State Ct. Foreclosure Compl.) In addition, based on Plaintiff's allegations, the other named Defendants were in privity with U.S. Bank in the State Court action due to their interests in and involvement with Plaintiff's Note. (*See* Compl.); *see also Fequiere*, 2016 WL 1057000, at *6 (finding that the defendants, who were not named in a state court foreclosure action, were in privity with the state-court plaintiff because of their alleged interests in the federal plaintiff's/state-court defendant's mortgage); *Graham*, 156 F. Supp. 3d at 509 (same); *Swiatkowski*, 745 F. Supp. 2d at 171 & n.11 (same); *Yieser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 423 (S.D.N.Y. 2008) (same).

Third, while Plaintiff's arguments to the State Court in support of her request for a quiet title for the Property are not as extensive as the arguments presented here, the gravamen of the arguments are the same — that Defendants had no right to foreclose on the Property because they did not hold a legally valid note. (*Compare* Pl. State Ct. Opp'ns 1–21 *with* Compl. 1–32.) Moreover, both this action and the State Court action are based on the same set of facts relating to the foreclosure of the Property. (*See* Compl.; State Court Default J. Order.) Therefore, Plaintiffs claims were or could have been raised in the State Court action. *See De Masi*, 481 F. App'x at 646 ("[T]he district court correctly determin[ed] that [the plaintiff] was precluded from relitigating her claims in federal court because the New York Supreme Court had previously entered final judgment in three cases arising out of the same set of operative facts, namely, the . . . foreclosure on [the plaintiff's] home."); *Swiatkowski*, 745 F. Supp. 2d at 172 (finding that a plaintiff's claims were or could have been brought in a state court foreclosure action where the plaintiff's claims were based on "the allegation that [the] defendants improperly obtained a [j]udgment of [f]oreclosure and [s]ale"); *Yieser*, 535 F. Supp. 2d at 423 (finding that, "[b]ecause the plaintiffs could have presented the same claims they now assert . . . as defenses or counterclaims in the action for foreclosure, the doctrine of res judicata bars this litigation" (collecting cases)). Although Plaintiff was the defendant in the State Court action, she could have raised all of the claims she presents here as counterclaims or defenses in the State Court action. *See Fequiere*, 2016 WL 1057000, at *7 (finding that the plaintiff's claims alleging "that [the] defendants improperly obtained [a] [f]oreclosure [j]udgment" were or could have been brought in a state court foreclosure action against her property); *Graham*, 156 F. Supp. 3d at 509 (finding that a plaintiff's claims were or could have been brought in a state court foreclosure action because "New York courts have held that a defendant in a foreclosure action should assert

10

claims [related to] the mortgage agreement as defenses against the plaintiff lender in the original foreclosure action" (collecting cases)).

Accordingly, Plaintiff's claims in this action are precluded by the State Court action.[6]

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss the Complaint.[7]

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 28, 2017
       Brooklyn, New York

---

[6] The Court does not grant Plaintiff leave to amend because any amendment would be futile given that Plaintiff's entire action is precluded by the State Court action. *See Russo v. GMAC Mortg., LLC*, 549 F. App'x 8, 10–11 (2d Cir. 2013) (holding that "the district court did not err in denying [the plaintiff] leave to amend because amendment would have been futile in light of . . . claim preclusion," where the basis for claim preclusion was an underlying state court foreclosure action).

[7] It appears that Defendant Deutsche Bank National Trust Company has been served with process, (Summons Returned Executed, Docket Entry No. 5), but it has not answered or moved to dismiss the Complaint and Plaintiff has not moved for a default judgment. However, for the reasons discussed above, the Court also dismisses the Complaint against Defendant Deutsche Bank National Trust Company pursuant to its *sua sponte* authority to dismiss a *pro se* complaint for failure to state a claim upon which relief may be granted even where the plaintiff has paid the filing fee. *See MacKinnon*, 580 F. App'x at 45 (holding that "[a] district court has the inherent authority to dismiss an action that lacks an arguable basis either in law or fact, regardless of whether the plaintiff has paid the filing fee," and affirming the district court's decision to dismiss the complaint because the Second Circuit "ha[s] regularly upheld a district court's authority to dismiss sua sponte a pro se complaint on res judicata grounds" (first citing *Fitzgerald v. First E. Seventh St. Tenants Corp*, 221 F.3d 362, 363–64 (2d Cir. 2000); and then citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)).